BONESTEEL vs. BONESTEEL.  (Cross Appeals.)

(1.) *Trust*—(2.) *Promissory note, when void for want of consideration.*

1. One G., at the instigation of the owners, executed a conveyance to the plaintiff of certain " gold claims," belonging (it would seem) to the plaintiff's husband and the defendant; but plaintiff paid no consideration for the conveyance, and it was executed without her knowledge, and never delivered to her; and no mention of any trust was made therein. Afterwards she joined with her husband in conveying said " claims " to a third person, and a large part of the proceeds of the sale to such grantee was placed to her credit and drawn out by her on her own checks. She had no knowledge that defendant had any interest in said claims, and probably supposed that they belonged to her husband. *Held*, that she is not liable to defendant as a trustee for him.

2. The proceeds of said " claims " being in said plaintiff's hands, but in fact entirely under her husband's control, defendant received from the husband a part of said proceeds as an advance upon his (defendant's) interest therein. He had no negotiations with plaintiff in regard thereto, and did not know that she claimed the money as a part

of her separate estate. *Held*, that the transaction could not be regarded as a loan from plaintiff to him, and that a note subsequently given by him to her for the amount, was void for want of a consideration.

APPEALS from the Circuit Court for *Dodge* County.

The case presents two cross appeals from different parts of one and the same judgment. The plaintiff, *Belinda R. Bonesteel*, brought her action against the defendant, *Jacob P. Bonesteel*, upon a promissory note executed by defendant to plaintiff. The answer admitted the making of the note, but alleged that it was without consideration, having been given under threats, and to avoid trouble and annoyance. The answer further alleged, by way of counter-claim, that before the making of the promissory note in question, defendant, with one Conklin, was owner of certain gold claims of great value, in Colorado, the title to which was in one Gorsline, in trust for defendant and Conklin, and that Gorsline conveyed the claims to the plaintiff in trust for defendant and Conklin, subject to Gorsline's claim for services in negotiating the sale of the claims; that by the terms of the agreement, plaintiff was to sell the claims, and after settling with Gorsline, to account to defendant and Conklin for the balance of the proceeds received on the sale of said trust estate; that plaintiff afterwards sold said claims and trust estate, to one McLaughlin, but after settling with Gorsline, had withheld from defendant his share of the proceeds, and had neglected and refused to account for the money received by her, out of said trust estate, and had converted the same to her own use. Plaintiff, by her reply, admitted the ownership of the gold claims by defendant and Conklin, the title being held in trust for them by Gorsline, and alleged that her husband had purchased the claims of defendant and Conklin, for value, and at the time of such purchase, and before plaintiff conveyed to McLaughlin, it was agreed between her husband, and the defendant and Conklin, but without her knowledge and consent, that the conveyance from Gorsline should be taken in the name

of plaintiff; that in pursuance of such agreement, Gorsline afterwards nominally conveyed the claims to plaintiff, but without her knowledge, consent, or privity; that she never accepted of any trust in relation to said claims, or any of the proceeds thereof under the deed, nor was the deed ever delivered to her, and that she knew nothing thereof, until one year afterward, when she joined with her husband in conveying to McLaughlin, and that plaintiff never received any money, either as trustee or otherwise, from any person on account of said claims, but that her husband had had the sole control thereof, and had received all the money therefor.   The evidence is sufficiently stated in the opinion.   The court found as facts: 1st, that the note set forth in the complaint as the foundation of plaintiff's cause of action, was without consideration, and that nothing was due plaintiff thereon; 2d, that plaintiff did not receive the gold claims in trust, and was not liable to account therefor. As conclusions of law, the court found: 1st, that plaintiff take nothing by her complaint; 2d, that defendant take nothing by his counter-claim.   Judgment for defendant for costs.   Defendant excepted to the second finding of fact and second conclusion of law, and appealed.   Plaintiff excepted to the first finding of fact and first conclusion of law, and appealed.

*Coleman & Thorp*, for plaintiff.

*Gerrit T. Thorn*, contra.

COLE, J.   These are cross appeals from different parts of the same judgment.

In respect to the finding and judgment of the court below against the counter-claim, set up in the defendant's answer, we think the evidence was insufficient to charge the plaintiff as trustee of those funds.   It does not appear that she had any knowledge of the trust, or accepted it.   The facts, mainly relied' on to show that she knew of the trust and accepted it, are these:   The trust property was conveyed to her by Judge Gorsline, without any consideration being paid by her therefor. She united with her husband in conveying this same property

to McLaughlin. A large portion of the proceeds of the sale of the gold claims was subsequently placed to her credit, on the bank books of Mr. Baker, which she drew out on her own checks.

The conveyance by Gorsline was made in the absence of the plaintiff, and without her knowledge, at the instigation of the defendant and the plaintiff's husband. She states, in her answer, that the deed was never delivered to her, and testifies in her deposition that there never was any property or gold claims conveyed to her by Gorsline, in trust for the defendant and Conklin; that she never accepted any such trust; never sold any such claims; nor received any money for them. There is, really, no evidence to contradict her upon these points. Suppose she had seen the conveyance from Gorsline to her. It is not claimed that this conveyance expressed that the property was conveyed in trust for any one. She states that after the commencement of this suit, she was informed that her husband took a conveyance of these gold claims in her name, and she doubtless supposed that they were his property. When she executed the deed to McLaughlin with her husband, she was of the same impression. She was entirely ignorant of the fact that the defendant had any interest whatever in the gold claims — if such was really the case — and the parties conducting the business seem to have carefully concealed from her, as well as others, the real nature of these transactions. Whether this concealment was resorted to for a fraudulent purpose, to place these claims beyond the reach of creditors, we need not inquire. But certain it is, that the plaintiff did not know, and had no means of finding out, that these claims had been conveyed to her in trust, and therefore the fact that she united with her husband, in conveying them to McLaughlin, is not such an act as ought, under the circumstances, to charge her with the trust. For she doubtless supposed that the claims belonged to her husband, and that the money which was received from the sale of this property was likewise his. In this case, if there was any

evidence from which it could be assumed that the plaintiff knew that the property was conveyed to her by Gorsline, in trust; or, that the proceeds of the sale belonged to the defendant, there would be some ground for holding her liable in this action as trustee.   But there is no such evidence, and nothing whatever to inform her, that these moneys belonged to the defendant.   We, therefore, fully agree with the court below, in the conclusion that she never received these moneys mentioned in the counter-claim in trust, and is not liable to account therefor.

And we likewise agree with the court below upon the other branch of the case, namely, that the evidence shows that the note sued on was without consideration, and that nothing is due the plaintiff thereon.   When the defendant received the thousand dollars from A. D. Bonesteel, in September, 1865, he supposed he was obtaining a portion of his own money, in her hands, belonging to him.   He seems to have had some interest in the gold claims which were sold.   If the proceeds of these claims were in the hands of the plaintiff, they were entirely under the control of her husband.   The defendant applied to him for a portion of his money, and, as he had every reason to believe, procured it.   He had no negotiations with the plaintiff upon the subject, and did not know that she claimed this money as a part of her separate estate.   The defendant dealt entirely with his brother, who, he says, looked upon the transaction in the same light that he himself did, that this thousand dollars was an advance from the proceeds of the gold claims.   He made no loan of the plaintiff, but treated with her husband as the real responsible party.   If A. D. Bonesteel really advanced this thousand dollars to the defendant as a portion of the funds under his control belonging to the latter, it is very obvious that the subsequent giving of the note for the amount to plaintiff, did not change the nature of the transaction.   The note was without consideration.

It follows from these views, that those portions of the judg-

ment of the circuit court above respectively appealed from, must be affirmed.

*By the Court.*— So ordered.